## ISAAC P. JEFFERSON *vs.* ISAAC CONOWAY.

A demand *in writing* for the delivery of an article purchased, cannot be proved *by copy*, without notice to produce the original, or proof of actual comparison.
But such demand need not be in writing, unless *the terms of the contract so require it.*

SUSSEX, Spring term, 1848. This was an action on the case for

breach of a parol contract, for the sale of one thousand bushels of corn, at forty-two and a half cents per bushel.

The plaintiff proved a sale of the corn in October, 1835, at this price, the corn to be delivered at any time before March, on two weeks' notice.

Samuel Jefferson made a demand in writing for the corn; produced the copy of a letter addressed by plaintiff to defendant, and delivered to defendant by witness. This copy was offered in evidence, and objected to, as no notice had been given to the defendant to produce the original.

The plaintiff's counsel likened it to notices to quit, &c., which are proved without notice to produce the original.

*Bayard* said, this was not proof of notice. That was always by duplicate; this was evidence of a demand in writing, and the object was to get in the contents of a letter which cannot be proved by copy without production of the original, or notice to produce it.

*The Court* said, if this was a duplicate original it might be proved; if a mere copy taken by the witness to prove the contents of one delivered to defendant, he ought to have had notice to produce the original, to compare the copy with it and prevent mistakes or surprise. But whether this is admitted or not, the defendant may prove the demand, which was not required to be in writing.

The witness could not prove either that the paper was a duplicate original, or that it was an exact copy, though he said they were substantially the same.

The court, on this account, ruled the paper out, and the plaintiff was nonsuited.